Curia, per

Wardlaw, J.
The first ground taken in arrest of judgment was not heard of below. It now appears that a demurrer which had been filed, was withdrawn ; upon a discount filed, and without any formal plea, the parties went to trial upon the merits, and the case was fully tried and decided without reference to the pleadings. This court must under such circumstances suppose that such pleadings were had as would authorize the result attained. The verdict for the defendant will be understood as a verdict for the defendants, or for the defence, if the defendants jointly were entitled to such a verdict. The only question of difficulty presented by the grounds in arrest of judgment, is that arising under the second, whether the legal right to the demand set up by the discount belonged to both defendants, or only to Pennington. If the discount do not present a question between the same parties in the same right as the original action, however the matter of it might serve for defence, there can be no verdict for the ex *744 cess of it, as in a cross action by the defendants against the plaintiffs. There is much force in the observation that the matter of discount here grew out of the question sued on; and the analogies may be correct which have been drawn from the rules that have been assumed, rather than shown to exist, in cases of discounts for defect of title or for unsoundness, set up after partial payments by several defendants sued upon a note given by them in consideration of an article purchased by one of them. But in this particular case it seems sufficient to rely upon the plain proposition, that where a legal right is vested in two for the benefit of one of them, the two must sue, and if the one for whose benefit the right is to enure should die, the action must be by the survivor, and not the representative of the deceased: The covenant upon which the suit is brought, although in some parts its form is opposed to such construction, seems, when fully examined in all its parts, to be an indenture between Pennington, Brown and Nesbitt, of the one part, and the Saluda Manufacturing Company of the other part, whereby the three persons of the first part covenant that Pennington shall do work of a specified kind, and the Company of the other part covenant for the work, when performed, to pay money to the said three for the benefit of Pennington. Brown is dead, and by bringing a joint action against the survivors of the three, the Company shows that it considered the covenant made to and with it, to have been made jointly by the three, for work to be done by one of them. The effect of the terms used in the covenant by the Company, is what the mutuality of the contract requires — that the Company is bound to pay to the three for the benefit of one of them. As the survivors could, then, have maintained an action for the price upon completion of the work, there is nothing in form to prevent them from maintaining the cross action by discount, if in substance the discount would have been admissible, had Pennington been, on one side, the only party to the covenant and suit.
It seems now to be settled in the English Courts, that damages occasioned by the departure of work from the specifications, may constitute a defence to an action, either upon the contract for the price stipulated, or upon a quan *745 turn meruit for the work done; and although it has been more contested, it seems that, to the extent of defeating the action, the value of the work may be shown in defence of an action for damages occasioned by violation of the specifications. Much difficulty, however, in allowing such defences, has arisen from a consideration of the consequences which may result from a verdict for the defendant, obtained by his making the defence suggested in either of these cases. Shall such defendant be precluded from afterwards bringing his cross action, although he may not have obtained full satisfaction by simply defeating the former action 1 Or shall he, in a cross action, bring a second time under examination the same matters before investigated, and perhaps obtain a second time allowance of the. same matter before allowed, by way of set-oflP? These difficulties, however, cannot arise where, as in this case, under our Act, notice of discount is given, and thus the extent of the defendant’s demand is ascertained by matter of record, and a full opportunity is given to settle in one action all the rights of both parties under the contract. It is immaterial whether we regard this as an action by the workman for the price stipulated, in which, by reason of damages occasioned by non-performance on his part, the jury have reduced his compensation from $3,000 to 1,200; or regard it as an action by the Company for the damages, to which the workman has opposed his cross action for work done, and in which the jury have found that the value of the work exceeds the damages by $1,200. In eithér view, the verdict shows the excess of the defendant’s just demands over those of the plaintiffs, under the mutual covenants, to be $1,200; and the remaining inquiries are, whether the Jury have been properly instructed as to the mode of computing the damages, and whether any testimony has been improperly excluded. It is'unnecessary here to consider cases of work, from which the party for whom it was done has derived benefit, where the variations from the specifications have not reduced the actual value, or where such variations, comparatively unimportant, could not be made to conform to specifications without labor or cost greatly disproportioned to any advantage thence to result. In a case like this, wdiere the variation *746 to its whole extent diminished the value of the structure, and where the readiest way of perfecting the scheme begun and partially carried on, was to make the work conform to the requisitions of the contract, there is no doubt that if the work be accepted or used, it must be paid for —not at the price stipulated, but at that price reduced by the deduction of the expenditure which has been made, or must be made, to correct the deficiency; and by deduction also of all direct damages, in way of trouble occasioned, expectation disappointed, loss incurred, or gain prevented, which have resulted from the workman’s violation of his contract, and which are capable of pecuniary measure and compensation. The only question in this case, is, what were the damages over and above the $500 expended in completing the work? The jury have allowed a sum, which by calculation clearly appears to cover the wages of all the Company’s hands unemployed, and the interest upon all the capital invested by the Company, during the time that the machinery was unemployed, by reason of the breaking of the dam, and the consequent repairs and completion. It appears that while the machinery was employed, although much cotton was consumed, and large products in gross obtained, the nett profits were nothing— or in other words, constant loss was incurred. Surely then, when the Company was indemnified for what they ought to have made, without regard to what they probably would have made, in all the time that was lost, and have been re-imbursed for the outlay occasioned by the defect of the dam, it is in at least as good a condition as it would have been in, if the dam had been originally well built. Is it of any importance that one or more witnesses may have had opinions that greater losses were sustained, which are thus contradicted by actual examination of the items ? or can it be important that some person supposed to have an intention of buying, should have greatly magnified the defects and importance of the dam, in his estimate of the whole value of the Factory? To his conjectures and estimates, the Company might have replied by an engagement to put the dam, (as was afterwards done,) in complete repair, and to compensate him for all the time thereby lost. The cost of such engagement would have been then, *747 as now, a set off against the workman’s demand for labor done. It appears, then, to this Court that the jury were properly instructed ; that no material testimony, relevant to the issue; was excluded; and that the plaintiffs have no just ground of complaint against the verdict. The motions are therefore dismissed.
Richardson, Evans, Butler, Frost, JJ. concurred.
O’Neall. J. having an interest in the Company, did not sit.